HD

*KOH*
TFH: USAO 2019R00255

rec'd by: _____

USDC - GREENBELT
'24 MAY 2 PM 2:45

## IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | CRIMINAL NO. DLB24CR146 |
| | * | |
| JULIAN JOEL LEE EVERETT, | * | (Kidnapping of a Minor, 18 U.S.C. |
| | * | § 1201(a)(1) & (g); Production of Child |
| Defendant | * | Pornography, 18 U.S.C. § 2251(a); |
| | * | Forfeiture, 18 U.S.C. § 2253, 21 U.S.C. |
| | * | § 853(p), 28 U.S.C. § 2461(c)) |
| | * | |

*******

## INFORMATION

### COUNT ONE
### (Kidnapping of a Minor)

The United States Attorney for the District of Maryland charges that:

On or about August 17, 2016, in the District of Maryland and elsewhere, the defendant,

### JULIAN JOEL LEE EVERETT,

who had attained the age of eighteen years and was not a parent, grandparent, brother, uncle, or

individual having legal custody of Victim 1, did unlawfully and knowingly seize, confine,

inveigle, decoy, kidnap, abduct, and carry away Victim 1—who had not attained the age of

eighteen years—and held Victim 1 for any reason, when (1) Victim 1 was willfully transported

in interstate commerce from the District of Columbia to the State of Maryland, (2) the defendant

travelled in interstate commerce from the District of Columbia to the State of Maryland, and (3)

the defendant used any means, facility, and instrumentality of interstate commerce in committing

and in furtherance of the commission of the offense.

18 U.S.C. § 1201(a)(1) & (g)

## COUNT TWO
### (Production of Child Pornography)

The United States Attorney for the District of Maryland further charges that:

On or about August 17, 2016, in the District of Maryland, the Defendant,

## JULIAN JOEL LEE EVERETT,

did knowingly employ, use, persuade, induce, entice, and coerce a minor—namely, Victim 1—to

engage in any sexually explicit conduct as defined in 18 U.S.C. § 2256(2), for the purpose of

producing a visual depiction of such conduct, and the visual depiction was produced and

transmitted using materials that had been mailed, shipped, and transported in and affecting

interstate and foreign commerce by any means, including by computer.

18 U.S.C. § 2251(a)

## FORFEITURE ALLEGATION

The United States Attorney for the District of Maryland further finds that:

1.      Pursuant to Federal Rule of Criminal Procedure 32.2, notice is hereby given to the defendant that the United States will seek forfeiture as part of any sentence in accordance with 18 U.S.C. § 2253 as a result of the defendant's conviction under Count One and Count Two of this Information.

2.      Pursuant to 18 U.S.C. § 2253, upon conviction of the offense set forth in Count Two of this Information, in violation of 18 U.S.C. § 2251, the defendant,

### JULIAN JOEL LEE EVERETT,

shall forfeit to the United States:

a.      Any visual depiction described in 18 U.S.C. § 2251, or any book, magazine, periodical, film, videotape, or other matter which contains any such visual depiction, which was produced, transported, mailed, shipped or received in violation of Title 18, United States Code, Chapter 110;

b.      Any property, real or personal, constituting or traceable to gross profits or other proceeds obtained from the offense; and

c.      Any property, real or personal, used or intended to be used to commit or to promote the commission of the offense.

3.      The property to be forfeited, includes, but is not limited to:  any and all electronic devices containing child pornography recovered during law enforcement's execution of a search warrants on or about March 21, 2019 from the Defendant's residence, including, but not limited to, the following:

a.      a black and silver in color Apple iPhone with unknown serial number;

3

b.  a silver in color Apple MacBook Pro laptop with serial number C02W6JHLHTD5 and any and all associated hard drives;

c.  a black and silver in color Lenovo laptop with serial number CB18867060 and any and all associated hard drives; and

d.  a black, silver, and white in color Apple iPhone with unknown serial number in a Green Bay Packers phone case.

### Substitute Assets

4.  If any of the property described above, as a result of any act or omission of the defendant:

a.  cannot be located upon the exercise of due diligence;

b.  has been transferred or sold to, or deposited with, a third party;

c.  has been placed beyond the jurisdiction of the court;

d.  has been substantially diminished in value; or

e.  has been commingled with other property which cannot be divided without difficulty,

the United States shall be entitled to forfeiture of substitute property up to the value of the forfeitable property described above pursuant to 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 2253(b) and 28 U.S.C. § 2461(c).

18 U.S.C. § 2253
21 U.S.C. § 853(p)
28 U.S.C. § 2461(c)

Date: May 2, 2024

*Erek L. Barron* TFH

Erek L. Barron
United States Attorney

4